John CARROLL et al., Appellants,

v.

KENTUCKY & WEST VIRGINIA GAS COMPANY, Appellee.

Court of Appeals of Kentucky.

May 27, 1966.

Jean L. Auxier, Pikeville, for appellants.

C. Kilmer Combs, Tucson, Ariz., Francis L. Rice, Pikeville, for appellee.

CULLEN, Commissioner.

The dispute in this case concerns the location of the boundaries of a 300-acre tract of mountain land conveyed by a deed of 1890. The plaintiff (appellee) claimed that the boundaries were so located as to embrace a gas well which the plaintiff has been operating for some 20 years. The defendants (appellants) maintained that the tract lay south of the well and did not embrace it. The trial court, accepting the testimony of the plaintiff's surveyor, entered judgment locating the boundaries as claimed by the plaintiff. The defendants, appealing, argue the case solely on the proposition that the testimony of the plaintiff's surveyor is incredible and without probative value.

■ The surveyor testified that a portion of the northeastern line of the tract in question was a common boundary with a John Harris tract. The appellants maintain that the evidence shows this testimony to be false; therefore, they argue, all of the surveyor's testimony becomes unbelievable. The argument is not sound because, accepting the premise, the conclusion does not follow. The record shows that the surveyor merely cited the claimed coincidence of the boundary lines as *supporting* the accuracy of his survey of the tract in issue, in the course of which survey he claimed to have physically located the boundaries. Assuming that there was no coincidence of lines, and thus no support, that alone would not render incredible or without probative value his direct testimony as to the location by his survey of the lines of the tract in issue.

■ The 1890 deed contained 32 calls. The seventh call is for a "chestnut oak on top of the ridge at the head of Jack Fords Branch". The seventh call as located by the appellee's surveyor is on a ridge at a chestnut oak stump but the ridge is not at the head of Jack Fords Branch; in fact, it is some 2,400 feet from the head of the branch. The appellants argue that this fact destroys the credibility of the surveyor's testimony. From a topographical map in the record it appears that the call as located by the surveyor is at or near the *mouth* of Jack Fords Branch. This indicates that the call in the deed inadvertently may have used "head" instead of "mouth." If the deed were taken literally in respect to this call it would locate the tract much farther south than anyone in the case contended. In fact, the appellants take the position that the point at which the appellee's surveyor located the ninth call is actually the point of the fifth call. This would not put the seventh call anywhere near the head of the branch. Furthermore, to give the one call the controlling effect suggested by the appellants would be to ignore a number of other calls the location of which by the surveyor is not challenged. Under these circumstances we are not convinced that the surveyor's testimony must be classed as incredible simply because of the discrepancy concerning the location of the seventh call.

■ In order to get his survey to close, the appellee's surveyor was required to change the course of the closing call from S 74 E as set forth in the deed to N 74 E. The appellants point to this as being another reason why the surveyor's testimony must be considered incredible. (The appellants' counsel also argues, from his reading of the topographical map, that the closing line as run by the surveyor could not be "shot" and that the original surveyor would not have "shot his final call blind." However, we are not capable of such expert reading of the map.) In view of the fact that the correctness of the location of the beginning point by the appellee's surveyor is borne out by his having found specific monuments described in the deed by following the calls from that beginning

point, and in view of the fact that the calls immediately preceding the closing call seem to have been definitely located, and since a typographical error in substituting "S" for "N" reasonably could have occurred, we think that the surveyor's substitution of "N" for "S" in the closing call, which resulted in the survey's closing properly, was reasonable and did not render his survey unacceptable or his testimony incredible. See Watlington v. Kasey, 293 Ky. 382, 168 S.W.2d 988.

It is our conclusion that the surveyor's testimony had probative value sufficient to sustain the trial court's findings of fact.

The judgment is affirmed.